UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESA Management, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Laura Gerfin,<br><br>　　　　Defendant. | No. 2:20-cv-00434-JAM-DB<br><br>**SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case. See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

On February 25, 2020 Defendant Laura Gerfin filed a Notice of Removal with this Court, seeking to remove an action from the Sacramento County Superior Court. Notice of Removal, ECF No. 1.

1

1  For the following reasons, the Court sua sponte REMANDS this case
2  to Sacramento County Superior Court.
3      Under 28 U.S.C. § 1441(a), a defendant may remove an action
4  to federal court if the district court has original jurisdiction.
5  Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)
6  (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th
7  Cir. 2003)).  If at any time before final judgment it appears
8  that the district court lacks subject matter jurisdiction, the
9  case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a
10 defendant seeking to remove an action to federal court must file
11 a notice of removal within thirty days of receiving a copy of the
12 initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking
13 removal of an action to federal court has the burden of
14 establishing federal jurisdiction in the case.  California ex
15 rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).
16 Here, Defendant does not cite any basis for the Court's
17 jurisdiction.
18     Federal courts are courts of limited jurisdiction; they lack
19 inherent or general subject matter jurisdiction.  Federal courts
20 can adjudicate only those cases authorized by the United States
21 Constitution and Congress.  Generally, those cases involve
22 diversity of citizenship or a federal question, or cases in which
23 the United States is a party.  Kokkonen v. Guardian Life Ins.
24 Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545
25 (1989).  Federal courts are presumptively without jurisdiction
26 over civil actions.  Kokkonen, 511 U.S. at 377.  Lack of subject
27 matter jurisdiction is never waived and may be raised by the
28 Court sua sponte.  Attorneys Trust v. Videotape Computer Prods.,

Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

The Ninth Circuit has held that the removal statute should be strictly construed in favor of remand and against removal. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish jurisdiction before this Court because the complaint filed in the state court, 20UD00400, contains a single cause of action for unlawful detainer. Unlawful detainer actions are strictly within the province of state court. A defendant's attempt to create federal subject-matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption

3

and is anticipated in the plaintiff's complaint.").

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Plaintiff's complaint raises a single state law claim for unlawful detainer. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal question jurisdiction. Furthermore, Defendant has not met her burden of showing the Court has diversity jurisdiction. Plaintiff's complaint sets the amount in controversy as less than $10,000. Notice of Removal at 3. Subject to a "good faith" requirement, "the sum claimed by the plaintiff controls." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938). Defendant failed to show Plaintiff's pleading of the amount in controversy was made in bad faith. Consequently, she has failed to show the Court has diversity jurisdiction over the suit.

1 | The Court REMANDS this case to Sacramento County Superior
 2 | Court for all future proceedings.  Defendant's motion to proceed
 3 | in forma pauperis, ECF No. 3, is DENIED as moot.

Dated:    February 27, 2020

                                    /s/ John A. Mendez_____
                                    United States District Court Judge